**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | Case No. 20-02684 |
| DM WORLD TRANSPORTATION, LLC | Chapter 11 |
| Debtor. | |

**OBJECTION OF BMO HARRIS BANK N.A. TO DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO SELL ACCOUNTS RECEIVABLE UNDER A FACTOR PROGRAM WITH RTS FINANCIAL SERVICE, INC. PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); (II) GRANTING SECURITY INTEREST PURSUANT TO 11 U.S.C. §§ 364(C), 364(D)(1), 364(E), AND 507; (III) AUTHORIZING USE OF CASH COLLATERAL; AND (IV) SCHEDULING A FINAL HEARING**

BMO Harris Bank N.A. ("BMO"), by and through its undersigned counsel, respectfully objects (this "Objection") to the *Emergency Motion for Interim Order (I) Authorizing the Debtor to Sell Accounts Receivable Under a Factor Program with RTS Financial Service, Inc. Pursuant to 11 U.S.C. §§ 363(b) and (f); (II) Granting Security Interest Pursuant to 11 U.S.C. §§ 364(c), 364(d)(1), 364(e), and 507; (III) Authorizing Use of Cash Collateral; and (IV) Scheduling a Final Hearing* (the "Factor Agreement Motion") [Doc. No. 8] of DM World Transportation, LLC (the "Debtor") to the extent the Factor Agreement Motion seeks to improperly prime BMO's first priority security interest in certain Equipment (as defined herein) for want of the Debtor providing or otherwise establishing adequate protection as required under 11 U.S.C. § 364(d)(1)(B). In support of this Objection, BMO respectfully states as follows:

1. The Debtor and BMO are parties to that certain Loan and Security Agreement (as modified and amended, the "Loan Agreement") dated November 16, 2017, which sets forth the terms and conditions under which BMO would lend funds to the Debtor for the purchase of

certain equipment, including, but not limited to, thirty dry vans as identified in Schedule A to the Loan Agreement (the "Equipment").  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

2.  Pursuant to the Loan Agreement, Debtor granted to BMO a first priority security interest in the Equipment to secure, among other things, the Debtor's payment and performance obligations to BMO under the Loan Agreement or any other agreement.  *See* Ex. A § 2.1.  BMO's first priority security interest in the Equipment is evidenced on the Certificates of Title.

3.  Pursuant to the Loan Agreement, the Debtor is required to make monthly loan payments of $14,735.78.  The Debtors defaulted under the Loan Agreement and thereafter entered into that certain Forbearance Agreement dated September 23, 2019, a copy of which is attached hereto as **Exhibit B** (the "Forbearance Agreement" and together with the Loan Agreement, collectively the "Loan Documents").

4.  The Debtor defaulted under Loan Documents for failure to make the requisite payments in January 2020 and February 2020.  Accordingly, on February 10, 2020, BMO sent the Debtor written Notices of Default and Acceleration (collectively the "Default Letters"), providing notice of the Debtor's default under the Loan Documents and the acceleration of the Debtor's obligations thereunder.  True and correct copies of the Default Letters are attached hereto as **Exhibit C**.

5.  Since issuing the Default Letters, the Debtor failed to make additional payments to BMO in March, April, and May 2020 (through the filing date of this case).

6.  On May 12, 2020 (the "Petition Date"), the Debtor filed the instant bankruptcy case and, on May 13, 2020, the Debtor filed the Factor Agreement Motion.

7.  Pursuant to the Factor Agreement Motion, the Debtor requests this Court to, among other things:

> [a]uthorize the Debtor to obtain such post-petition financing and incur post-petition indebtedness, which financing and indebtedness due and owing by the Debtor to the Factor shall: (i) pursuant to § 364(c)(1) of the Bankruptcy Code, have priority (except as to agreed carve-out for U.S. Trustee fees) over any and all administrative expenses; and (ii) pursuant to § 364(d)(1) of the Bankruptcy Code, be secured by a first priority lien in the Debtor's accounts receivable, contract rights, general intangibles, property and proceeds of any kind, created or arising on or after the Petition Date.

Factor Agreement Motion at 7.

8.  The Debtor cites § 364(d)(1) as the statutory basis for this extraordinary relief. However, the Debtor fails to explain how it has met the requirements of this provision.

9.  Section 364(d)(1) provides that:

The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien **only if**—

> (A)  the trustee is unable to obtain such credit otherwise; **and**
>
> (B)  there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

§ 364(d)(1) (emphasis supplied).

10.  The debtor has the burden of proving that the requirements of 11 U.S.C. § 364(d) have been met. *In re Westport Holdings Tampa, Ltd. P'ship*, 607 B.R. 715, 729 (M.D. Fla. 2019); *In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 630 (Bankr. S.D.N.Y. 1992). Here, the Debtor has made no attempt to establish how BMO or any other similarly situated creditor is adequately protected. As such, the relief requested by the Factor Agreement Motion, to the extent it seeks to prime BMO's interest in the Equipment, should be denied.

WHEREFORE, BMO respectfully requests that the Court: (i) deny the Factor Agreement Motion to the extent it seeks to improperly prime BMO's senior priority security

interest in the Equipment in contravention to the requirements of section 364(d)(1)(B); and (ii) granting such additional relief to BMO as is appropriate.

Dated: May 14, 2020                                          **REED SMITH LLP**

                                                            */s/ Alexis A. Leventhal*
                                                            Alexis A. Leventhal
                                                            Florida Bar No. 108064
                                                            225 Fifth Avenue
                                                            Pittsburgh, PA 15218
                                                            Phone: 412-288-3834
                                                            Fax: 412-288-3063
                                                            Email: aleventhal@reedsmith.com

                                                            *Counsel for BMO Harris Bank N.A.*